[Civ. No. 2618. Fourth Dist.—June 6, 1941.]

ALVIN E. BADGER, Respondent, v. FRANK A. HOMAN et al., as Members of the Police and Firemen's Pension Board, etc., Appellants.

C. M. Ozias, City Attorney, for Appellants.

Rae B. Carter and Lawrence Kennedy for Respondent.

BARNARD, P. J.—This was an application for a writ of mandate directing the defendants to place the petitioner upon the pension roll of the city of Fresno and to pay to him a pension in accordance with an ordinance of that city. After answer filed a motion for judgment on the pleadings was granted and a judgment entered directing the issuance of a peremptory writ, from which judgment the defendants have appealed.

The allegations of the petition disclose the following facts. The petitioner was employed as a member of the Fresno City Fire Department from June 2, 1922, to January 18,

1939, when he was dismissed.   On February 5, 1937, while engaged in his duties, he stepped in a depression causing him to fall, resulting in a severe pain in his low back.   He returned to work on March 8, 1937, although he still continued to suffer pain and discomfort.   On April 21, 1937, his back again caused him to lay off from work.   On May 5, 1937, he was ordered to and did return to work and continued although suffering pain and discomfort, until May 1, 1938, when his back again gave way while he was lifting a load of 60 to 90 pounds and he stopped work.   He returned to work on October 1, 1938, and worked for one month, when he left his work because of the pain from his back injury. During all of these absences from work he received compensation and medical care from the State Compensation Insurance Fund, the city's insurance carrier.

On December 21, 1938, while he was receiving such compensation and while he was on a trip to San Francisco, where he had been sent by the insurance carrier for medical and surgical examination, he became intoxicated and received severe and extensive injuries in a collision between an automobile in which he was riding and another automobile.   On January 18, 1939, he was served with notice of dismissal from the department, four charges being set forth.   After a hearing before the civil service board his dismissal was approved and sustained on March 7, 1939, it being held that two of the charges, including one of becoming intoxicated in violation of the rules of the department, were sustained by the evidence.

On March 8, 1940, the Industrial Accident Commission awarded him a fixed sum as compensation for a permanent partial disability, the award being entered against the insurance carrier, and based upon the approval of a compromise and upon stipulated findings.   Among other things, it was thus found that the petitioner had suffered injuries to his back, some of which arose out of and in the course of his employment and others of which occurred under circumstances not connected with the performance of any duty in the course of his employment; that he also had a condition of spine which preexisted any of these injuries; that as a result of these injuries and the preexisting condition he had a permanent partial disability which was fixed at 75¾ per

cent, of which one-third or 25¼ per cent was due to injuries.

On April 25, 1940, this petitioner filed with the pension board a petition for a pension, under the provisions of Ordinance No. 1415 of said city, setting forth the nature and extent of his injuries and disability received in the line of duty as above set forth, accompanied by the verified statement of a physician stating the result of his examination and further stating that petitioner could not return to regular duty requiring sudden and strenuous activity "although he might do special work on a partial disability basis". His petition for a pension was denied by the pension board on June 6, 1940.

It is further alleged that petitioner was not notified of any hearing before the pension board, that he was given no opportunity to present evidence in support of his petition, that at no time had he been requested or ordered to undergo a medical examination as required by the terms of Ordinance No. 1415, and that no such medical examination was had. These allegations, relating to the hearing before the pension board, are not denied in the answer.

Petitioner claims to be entitled to a pension under the provisions of Ordinance No. 1415 of the city of Fresno, being the Police and Firemen's Pension Ordinance. Only such portions of that ordinance will be referred to as are material here. Section 10 thereof states that the provisions of the ordinance shall apply to all members of the fire department. Section 19 provides that any member of the fire department who "shall become separated from the service either voluntarily or involuntarily" shall be entitled to withdraw from the pension fund all moneys he has paid into that fund, with $100 additional. These two sections seem to imply that a person must be a member of the department in order to be entitled to a pension under the provisions of the ordinance, and that a person separated from the department, whether voluntarily or involuntarily, is to receive a certain refund instead of the pension otherwise provided for. Be that as it may, and whether or not this petitioner would still be considered a member of the department within the meaning of the ordinance, and in so far as his pension rights are concerned, the fact remains that the terms of the ordinance must

be complied with before it can become the duty of the pension board to order a pension paid to him.

Section 2 of the ordinance contains provisions for pensions based upon services of 20, 25 and 30 years, respectively, most of which are not material here. However, this section contains the further provision that after such requisite times have been served the removal of a member from the department shall not deprive him of a pension, unless it be for certain named serious offenses. The very fact that such a provision is contained in the ordinance is quite suggestive of an intent that the removal of a member from the department before such times have been served would d⁰prive him of pension benefits.

Section 5 of the ordinance reads, in part, as follows:

"Should any member of the Police or Fire Department become physically disabled by reason of bodily injury received in, or by sickness caused by the discharge of the duties of such person in such department, or shall become so physically or mentally disabled as a result of such injury or sickness as to render necessary his retirement from active service, the Pension Board shall order and direct that such person retired thereafter be paid during his lifetime, . . . a yearly pension . . . ''.

The respondent argues that the fact that he was so disabled by injuries received in the line of duty as to render necessary his retirement from active service appears from the findings of the Industrial Accident Commission, to which we have referred. It may be observed, however, that it was there found, as a matter of compromise and stipulation with another party and for another purpose, that his percentage of disability was about 75 per cent and that only one-third of this arose from his injuries, and it was not even definitely found that this 25 per cent arose from injuries received in the performance of his duties. There is nothing to show whether a 75 per cent disability would be sufficient to render necessary his retirement from active service or whether, if it would, a 25 per cent disability would be sufficient for that purpose, two-thirds of this petitioner's disability having arisen from other causes. Although the findings of the Industrial Accident Commission were sufficient for their purpose a question remains here whether that part of petitioner's

disability which arose through the discharge of his duties was sufficient to render his retirement from active service necessary. Apparently it was not, because he had not been retired from active service at the time he was injured in an automobile accident. In any event, this was a question of fact to be determined before the payment of a pension could be ordered.

The respondent further argues that section 5 of the ordinance is self-executing, that nothing was required of him in the way of procedure, and that when he became disabled it was the duty of the pension board to order him placed upon the pension list. If this were true, a nice question would be presented as to just when he became disabled to the required extent and when the pension board became obligated to thus act under the circumstances here shown. Section 5, while it permits retirement on pension for disability caused by service injury, provides that it shall be allowed only when the injury is such as to render necessary such retirement from active service, and that the pension board shall then order the pension paid to "such person retired thereafter". This indicates that the suffering of the injury is not to automatically retire the person and that some hearing or determination is to be had. The precise amount of injury which would necessitate a retirement from active service is not fixed and from the very language used a question of fact is necessarily left for the decision of some fact-finding body.

Moreover, it clearly appears from other sections of the ordinance that this question of fact is to be decided by the pension board in the first instance, and that some rules are provided in connection with a hearing on that question. Section 7 provides that any member of the fire department who desires to be retired on a pension shall file with the pension board a verified petition which shall contain certain specified things. It further provides that if retirement is desired on account of disability the petition shall set forth certain additional facts, and shall be accompanied by a report as to the physical condition of the applicant made by a licensed physician, which must be subscribed and sworn to by him. It then provides, in a separate paragraph, that upon the filing of "such petition" the board shall fix a date for a hearing thereon and shall notify the applicant of the time set.

The respondent argues that section 7 was intended to apply only where the disabled member makes application for retirement and that it has no application here since, under section 5, it was the duty of the pension board to order a pension paid to him when he became disabled, without the necessity of his taking any steps toward that end. If we assume that the pension board has authority to retire a member of the department without any application having been made by him such a situation is not involved here as, in this case, the petitioner made application for the pension on account of disability and brought himself directly within the provisions of section 7. Furthermore, other provisions of the ordinance, as set forth in section 8 thereof, are also applicable here. This section reads as follows:

"No person shall be retired for disability under the provisions of this ordinance or receive any benefits therefrom unless there shall be filed with the Pension Board certificates of disability which shall be subscribed and sworn to before three (3) legally licensed practicing physicians of the City of Fresno; one to be selected by the applicant, whose certificate of disability shall be attached to applicant's petition as provided by this ordinance; one of whom shall be the City Physician; and one to be selected by the Pension Board. The board may require other and additional evidence of disability before ordering such retirement, but upon satisfactory evidence of disability said Pension Board shall retire such person. The decision of the Pension Board shall be final and conclusive."

In this connection the respondent argues that section 8 applies only where a request for retirement is made and that it has no application where a duty rests upon the board to act under section 5 of the ordinance. However, section 8 clearly states that no person shall be retired for disability "under the provisions of this ordinance" unless certain designated proof is furnished or obtained, and provides that one of the three certificates mentioned shall be furnished by the applicant and attached to his petition. The board also has power to require additional evidence. The sections just referred to show that section 5 is not self-executing. In any event, a hearing and action by the pension board is required and certain minimum requirements must be complied with

before the pension board has authority to order the retirement on pension of a member of the department.

If we here assume that this petitioner was still a member of the fire department within the meaning of this ordinance, and that the pension board had power to pass upon his application for a pension based upon his disability, it appears from the face of the pleadings that no hearing after notice to the petitioner was had by the pension board and that the minimum evidence of disability required by section 8 was not before the board. It further appears that neither the pension board nor any other fact-finding body has ever determined that the petitioner's injuries, incurred in the line of duty, were sufficient to render his retirement from active service necessary. Under such circumstances the pension board could not be peremptorily ordered to place the petitioner on the pension list and to pay him a pension, and the judgment on the pleadings was improperly entered.

The questions whether the petitioner was a member of this fire department within the meaning of this ordinance and in so far as his rights to a pension are concerned, and whether he was entitled to the benefit of any of the provisions of this ordinance, other than section 19 thereof, are very serious questions which need not be decided here and anything we might say thereon would be purely *dicta*.

Since the allegations of the pleadings do not justify or support the judgment and order entered, it follows that the judgment ordering that a peremptory writ of mandate issue must be, and the same is, reversed.

Marks, J., and Griffin, J., concurred.